## COMSTOCK v. THOMPSON (RECONSTRUCTION FINANCE CORPORATION, Intervener).

### No. 13171.

Circuit Court of Appeals, Eighth Circuit.

April 11, 1946.

---

William H. Biggs, of St. Louis, Mo. (Dunbar & Biggs, of St. Louis, Mo., on the brief), for appellant.

Thomas T. Railey, of St. Louis, Mo. (Russell L. Dearmont, of St. Louis, Mo., W. Meade Fletcher, of Washington, D. C., and Robert D. Evans and Green, Henry & Evans, all of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

The Missouri Pacific Railroad Company, as principal debtor, and the New Orleans, Texas and Mexico Railway Company, as subsidiary debtor, are undergoing reorganization under section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205 in the District Court of the United States for the Eastern District of Missouri. Appellee Guy A. Thompson is sole trustee in reorganization for both companies. Appellant is a creditor of the Missouri Pacific, being the owner of certain of its bonds which are secured by a pledge of a majority of the outstanding shares of capital stock of the New Orleans, Texas and Mexico Railway Company, a subsidiary of the Missouri Pacific.

The New Orleans, Texas and Mexico has outstanding an issue of first mortgage bonds. The Missouri Pacific has a claim against the New Orleans, Texas and Mexico for a principal amount in excess of $10,000,000, secured in part by $1,900,000 of the first mortgage bonds of New Orleans, Texas and Mexico. The Missouri Pacific has pledged the evidence of the debt of the New Orleans, Texas and Mexico, together with the collateral held as security for the debt, as security for loans made by the Reconstruction Finance Corporation to the Missouri Pacific. By its contract with the New Orleans, Texas and Mexico the Missouri Pacific was granted the right to pledge the collateral given as security for the New Orleans, Texas and Mexico debt.

Thompson as trustee for the Missouri Pacific filed a claim in the reorganization proceedings against himself as trustee for the New Orleans, Texas and Mexico for the debt owing by the latter road to the Missouri Pacific. Before this claim was passed upon by the District Court an order was entered directing Thompson as trustee to pay an amount equal to one year's interest on the first mortgage bonds of the New Orleans, Texas and Mexico. Interest on these bonds had been in default for some time. The money for the payment directed by the order had been earned by the railway company. In the District Court appellant objected to the order insofar as it directed the payment of interest on the bonds of the New Orleans, Texas and Mexico which had been pledged by the Missouri Pacific to the Reconstruction Finance Corporation, on the ground that the pledge was "improper and invalid." He contended that payment of interest on these bonds should be deferred until the validity of the pledge, as well as the merits of the claim of the Missouri Pacific against the New Orleans, Texas and Mexico, had been determined. Appellant had contested the validity of this claim in the reorganization proceedings.

On this appeal appellant contends that the payment of interest on the New Orleans, Texas and Mexico bonds held by the Reconstruction Finance Corporation is in effect the payment of interest on a claim which has never been allowed by the District Court, that is to say, the payment of interest on the claim of the Missouri Pacific against the New Orleans, Texas and Mexico.

We are unable to see any merit in appellant's contention. It is admitted by ap-

pellant that the Reconstruction Finance Corporation holds the New Orleans, Texas and Mexico bonds for value and without notice. And, since the appeal in this case was taken, the District Court has approved the claim of the Missouri Pacific against the New Orleans, Texas and Mexico. Moreover, the reorganization of both roads are proceeding before the same District Court, which, in its order directing the payment of interest on the bonds held by the Reconstruction Finance Corporation, provided that the court reserved jurisdiction to alter or modify the order to provide for any adjustment on account of the interest payment directed by the order which might be appropriate in the light of the terms of any plan of reorganization finally approved in the proceedings.

The judgment of the District Court is affirmed.